**UNITED STATES v. STATE OF TENNESSEE et al.**

**No. 73.**

District Court, Middle District of Tennessee, Nashville Division.

March 23, 1942.

---

888

Horace Frierson, Jr., U. S. Atty., of Nashville, Tenn., for the United States.

Roy H. Beeler, Atty. Gen. for the State of Tennessee, and W. H. Eagle, Asst. Atty. Gen., for defendant.

DAVIES, District Judge.

This action was tried by the Court without a jury, and after hearing all the evidence, and argument of counsel, the Court hereby makes the following findings of fact and conclusions of law:

Findings of Fact.

No. 1. This action was brought by the United States of America against the State of Tennessee, doing business as Brushy Mountain Coal Mines, and against certain individuals as officers of the State of Tennessee, to recover an excise tax in the amount of $594.09, assessed by the Collector of Internal Revenue, under Section 3(a) of the Bituminous Coal Act of 1937, 15 U.S.C.A. § 830(a), for a period beginning June 21, 1937, and ending July 31, 1938.

The pertinent portions of the Bituminous Coal Act of 1937 are as follows:

"Section 3[§ 830.](a). There is hereby imposed upon the sale or other disposal of bituminous coal produced within the United States when sold or otherwise disposed of by the producer thereof an excise tax of 1 cent per ton of two thousand pounds.

"The term 'disposal' as used in this section includes consumption or use (whether in the production of coke or fuel, or otherwise) by a producer, and any transfer of title by the producer other than by sale."

"Section 17. [§ 847.] As used in this Act [subchapter]—* * * (c) The term 'producer' includes all individuals, firms, associations, corporations, trustees, and receivers engaged in the business of mining coal." 15 U.S.C.A. §§ 830(a), 847(c).

No. 2. The Brushy Mountain Coal Mines situated at Petros, Tennessee, is a branch of the State Prison, or penitentiary. The mines furnish employment to certain of the State's prisoners who are confined in the penitentiary. None except prisoners work in the mines except the State employs guards to guard the prisoners and a deputy warden is in direct charge of this branch of the penitentiary. All of the coal produced in the mines is used by the State as fuel for its various institutions except that in mining the coal a certain amount of slack coal results from the mining operations which cannot be used by the State's institutions and also during the period in question there were times when more coal was produced by the prisoners than was needed by the State's institutions. Except for the slack coal necessarily resulting from the operation of the mines, the surplus coal produced over and above the amount used by the State institutions was insignificant, and resulted from the normal operation of the mines to furnish coal for the institutions of the State and to furnish work for the prisoners.

Conclusions of Law.

No. 1. The operation of the Brushy Mountain Coal Mines by the State of Tennessee for the purpose of furnishing employment to certain of its prisoners who were confined in the penitentiary and for the purpose of furnishing fuel for its institutions is a governmental function and, therefore, is not taxable by the United States. That the State of Tennessee sold the slack coal resulting from its mining operations and a small amount of coal produced in the normal operation of its mines for the purpose of preventing the prisoners from remaining idle, and not needed by the State institutions, would not change this situation. The State did not enter into the mining business for the purpose of marketing coal to any extent, but solely for the purpose of finding work for its prisoners and at the same time to furnish fuel for its institutions.

This is a governmental function of the state, and is therefore not taxable by the United States.

Judgment will be entered accordingly.